G. LUKE CICILIANO, ESQ.
Nevada Bar No. 9530
F. PETER JAMES, ESQ.
Nevada Bar No. 10091
CICILIANO & ASSOCIATES, LLC
425 South 6th Street
Las Vegas, Nevada  89101
702-382-2209
702-382-6485 (fax)
Counsel for Petitioner/Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **ELIZABETH HALVERSON,**<br>a citizen of the State of Nevada,<br><br>       PLAINTIFF,<br><br>-v-<br><br>**NEVADA COMMISSION ON JUDICIAL DISCIPLINE,**<br>an agency of the State of Nevada, and **DOROTHY N. HOLMES,** individually, and in her official capacity as Special Prosecutor for the Nevada Commission on Judicial Discipline,<br><br>       DEFENDANTS. | CASE NO.: 2:08-cv-1006<br><br>**CIVIL RIGHTS COMPLAINT**<br><br>**PURSUANT TO 42 U.S.C. § 1983** |

NOW COMES the Plaintiff, Elizabeth Halverson, by and through her counsel of record, G. Luke Ciciliano, Esq. and the law firm of Ciciliano & Associates, LLC, who does hereby allege and declare as follows:

### I. JURISDICTION

1. This is a civil action seeking equitable and declaratory relief, vindicating the rights, privileges, and immunities guaranteed to the Plaintiff by the Constitution of the United States.

2. Jurisdiction is conferred upon this Honorable Court and is founded upon 28 U.S.C. §§ 1331, 1134(a)(4), and 42 U.S.C. §§ 1983; 1985.

3. Jurisdiction is further conferred upon this Honorable Court and is founded upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

## II. PARTIES

4. Plaintiff, ELIZABETH HALVERSON [hereinafter referred to as "the Plaintiff" or as the Plaintiff Halverson"] is, and was at all times material hereto, a citizen of the United States, and of the State of Nevada, and a resident of this judicial district. Plaintiff is a duly elected and constituted Judge of the Eighth Judicial District, in and for, Clark County, Nevada, including the City of Las Vegas. Plaintiff is the Respondent in the case of *In the Matter of the Honorable Elizabeth Halverson,* No. 0801-1066, now pending before the Nevada Commission on Judicial Discipline, and scheduled to commence trial on the morning of August 4, 2008..

5. Defendant, NEVADA COMMISSION ON JUDICIAL DISCIPLINE [hereinafter referred to as "Defendant Comission"], is, and was, at all times material hereto, an agency of the State of Nevada, and an arm of the Supreme Court of Nevada, whose individual members are acting under color of State law.

6. Defendant, DOROTHY N. HOLMES [hereinafter referred to as "Defendant Holmes"], is, and was, at all times material hereto, upon information and belief, a citizen of the United States, and of the State of Nevada. At all times material hereto, the Defendant Holmes was a lawyer licensed to practice law in the State of Nevada, and is the duly-qualified, appointed, and acting Special Prosecutor in the case of *In the Matter of the Honorable Elizabeth Halverson,* No. 0801-1066, now pending before the Nevada

2

Commission on Judicial Discipline. At all times material hereto, the Defendant Holmes was acting under color of State law. Defendant Holmes is sued individually, and in her official capacity.

### III.   CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983

7.   The Plaintiff Halverson has, as a citizen of the United States, the rights, privileges, and immunities, guaranteed to her by the Constitution of the United States; and, more particularly, those guaranteed by First, Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments to the Constitution of the United States. The Plaintiff is the Respondent in the case of *In the Matter of the Honorable Elizabeth Halverson,* No. 0801-1066, now pending before the Nevada Commission on Judicial Discipline; and, hearings, in the nature of a trial proceeding, is scheduled to commence on August 4, 2008 [hereinafter referred to as "the trial"].

8.   The Defendant Commission, with the aid and assistance of the Defendant Holmes, have conducted the pretrial proceedings, and promise to conduct the trial, in a form and manner calculated to deprive the Plaintiff of the rights guaranteed to her by the Constitution of the United States, and in bad faith, for the extrajudicial, improper, and unlawful purpose of generating so much adverse media publicity so as to deny her any chance for re-election to the State office of which she is the incumbent, in the forthcoming August 12th primary election in Clark County, Nevada.

9.   In consequence thereof, the Defendants, individually, jointly, or severally have deprived the Defendant of her rights, privileges, and immunities, guaranteed to her by the Constitution of the United States, and under color of State law, as follows:

a. withheld information and evidence necessary to her defense;

b. withheld *Brady* and *Giglio* evidence which would either constitute either exculpatory evidence or evidence with which she could impeach adverse witnesses;

c. interfered with her Sixth Amendment right to counsel of her own choice by exacting a condition from the Plaintiff that the Plaintiff could be represented by counsel of her own choice, only if no continuance of the trial were sought, in order to permit said counsel a reasonable and adequate time within which to prepare her defense;

d. deprived her of the right and opportunity to interview witnesses, who are reasonably expected to testify at the trial by the Defendant Holmes, with the ploy of establishing a pretextual attorney-client relationship between the Special Prosecutor and the proposed prosecution witnesses so as to make it unethical for the Plaintiff, as a lawyer, to have contact with a person represented by counsel;

e. obtaining evidence which was the product of an illegal, warrantless search and seizure of documents, or other items of tangible evidence, which the Defendant Holmes, as Special Prosecutor, intends to mark, identify, or offer into evidence at trial;

f. deprive the Plaintiff of a fair trial before a fair, neutral, detached, or independent tribunal;

g. denying the Plaintiff the right to offer a defense in her own behalf;

h. denying the Plaintiff, and her retained counsel of choice sufficient time within which to prepare a defense and prepare for trial;

i. denying the Plaintiff sufficient discovery and disclosure of the evidence which the Special Prosecutor has investigated, adduced, or intends to offer against her at the trial;

j. establishing a scheduling regimen for the proceeding which placed unreasonable, arbitrary, and capricious time limits on the examination and cross-examination of witnesses, thereby denying to her Sixth Amendment right of confrontation;

k. conducting the trial amidst, and for the express purpose of, generating prejudicial pretrial and trial publicity;

10.     The pending State proceeding ("the trial") is being, and threatens to be, conducted in bad faith and for improper purposes, such that the *Younger* doctrine of abstention does not apply.

11.     There is no parallel State proceeding, nor any decision or order of a State Court, which would divest this Court of jurisdiction under the *Rooker-Feldman* doctrine.

### IV. EQUITY

12.     Insofar as the equitable relief sought in this action is concerned, the Plaintiff has no adequate remedy at law, or will suffer immediate, continuing and irreparable damage, injury and loss, unless the equitable relief sought in the Plaintiff's Prayer For Relief is granted.

13.     Plaintiff submits to the jurisdiction of this Court and, at all times, offers to do equity.

14.     Plaintiff comes before this Court with clean hands.

15.     Plaintiff alleges that the nature of her injuries are injuries for which compensation cannot be made by an award of monetary damages, because each involves the public loss of trust and confidence in the judiciary in the State of Nevada, the disruption of the trust and confidence between the Plaintiff Halverson and her constituents, as well work a chilling effect upon her ethical obligation to Canons of Judicial Ethics, to establish or restore public confidence in the State judiciary, and to discharge the obligations, duties, and responsibilities of her office, to the best of her ability.

16.     The threats facing the Plaintiff by reason of the conduct of an improper and disciplinary proceeding are real, immediate, and continuing.

## V. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Honorable Court shall grant the following relief:

A. A declaratory judgment that the Defendants, and each of them, has violated the Constitutional Rights of the Plaintiff, as alleged and enumerated hereinabove;

B. A temporary restraining order, and preliminary and permanent injunction restraining the Defendants, and each of them from conducting any disciplinary proceedings against the Plaintiff on August 4, 2008; or, thereafter, without surety or bond of any kind, a public question being involved;

C. An order awarding Plaintiff's costs, and attorney's fees;

D. Such other and further relief as this Honorable Court shall deem just, equitable, and proper in the premises.

Respectfully submitted,

Dated this 4th day of August, 2008

_____
G. LUKE CICILIANO, ESQ.
Nevada Bar No. 9530
F. PETER JAMES, ESQ.
Nevada Bar No. 10091
CICILIANO & ASSOCIATES, LLC
425 South 6th Street
Las Vegas, Nevada 89101
702-382-2209
702-382-6485 (fax)
Counsel for Petitioner/Plaintiff

## VERIFICATION

State of Nevada    )
                   )  ss:
County of Clark    )

Elizabeth Halverson, having read the foregoing Complaint, by her subscribed, does hereby swear and depose upon her oath as follows: that she has read each of the allegations contained therein, and each of the facts set forth therein is true and correct,

upon her own personal knowledge, or upon information and belief, as she doth verily believe.

_____
ELIZABETH HALVERSON

SWORN TO, AND SUBSCRIBED BEFORE ME,
A NOTARY PUBLIC IN AND FOR THE STATE
OF NEVADA, THIS 4TH DAY OF AUGUST, 2008:

_____
My Commission Expires: 2/21/012

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
REBECCA W. ATSHE
No: 96-1935-1
My Appointment Expires Feb 21, 2012