1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7  ELIZABETH HALVERSON,                    )
                                          )        2:08-cv-01006-RCJ-LRL
8              Plaintiff,                  )
                                          )
9      vs.                                 )        **ORDER**
                                          )
10 NEVADA COMMISSION ON JUDICIAL           )
   DISCIPLINE, an agent of the State of Nevada, )
11 and DOROTHY N. HOLMES, individually and in )
   her official capacity as Special Prosecutor for the )
12 Nevada Commission on Judicial Discipline, )
                                          )
13             Defendants.                 )
   _____)

14

15                        **INTRODUCTION**

16      Before the Court is Plaintiff's Motion for Preliminary Injunction (#3) and Defendants'

17 Countermotion to Dismiss (#41).  The Court has considered both parties' motions and the pleadings

18 on file on behalf of all the parties.  IT IS HEREBY ORDERED that Plaintiff's Motion for

19 Preliminary Injunction is *denied* (#3) and Defendants' Motion to Dismiss is *granted* (#41).

20                        **BACKGROUND**

21      Plaintiff Elizabeth Halverson brought this suit against the Nevada Commission on Judicial

22 Discipline and Dorothy Holmes, both individually and in her official capacity as Special Prosecutor

23 for the Commission, on August 4, 2008, alleging violations of 42 U.S.C. § 1983.  The Commission

24 issued its determination as of November 17, 2008, and Plaintiff has appealed the determination to

25 the Nevada Supreme Court as of December 2, 2008.

1    The Commission suspended Plaintiff from the bench on May 10, 2007 on allegations of

2    violation of the Code of Judicial Conduct.  The hearing took place on August 4, 2008 and ended

3    August 12, 2008.  The Commission removed her from the bench.

4          Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary

5    Injunction on August 4, 2008.  (#3).  The Court held a hearing for the Temporary Restraining Order

6    on August 6, 2008 and denied the TRO.  At that time, the hearing for the Preliminary Injunction

7    Motion was set for August 14, 1008.  Between August 2008 and December 2008, the hearing time

8    was delayed by parties' multiple stipulations.  (#25, #28, #32).  Plaintiff filed a brief in support of

9    her Motion for Preliminary Injunction.  (#33).  Her counselors' Motion to Withdraw was granted on

10   December 3, 2008.  (#35).  Defendant Dorothy Nash Holmes filed a response to Plaintiff's

11   Emergency Motion for Temporary Restraining Order and Preliminary Injunction (#37).  Defendant

12   Nevada Commission on Judicial Discipline filed their response to the Emergency Motion as well as

13   a Countermotion to Dismiss.  (#39, #41).

14                                    **DISCUSSION**

15   **I.     Preliminary Injunction**

16          **A.     Legal Standard**

17          A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear

18   showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council*, 129 S.Ct.

19   365, 376 ( 2008).  A plaintiff must establish four elements to succeed in her preliminary injunction:

20   (1) a likelihood of success on the merits; (2) a likelihood of threat of irreparable injury without the

21   injunction; (3) a balance of hardships favoring the plaintiff; and (4) the advancement of the public

22   interest favoring a granting of the injunction.  *Id.*; *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir.

23   2003).  The Supreme Court rejected the Ninth Circuit's two prong sliding standard, held that the

24   "possibility" standard is too lenient, and specified the proper standard as a demonstration of

25                                    Page 2 of  6

1   irreparable harm that is "likely" in the absence of an injunction.  *Winter*, 129 S.Ct. at 376.

2   Additionally, the likelihood of irreparable injury can be outweighed by public or petitioner's interest.

3   *Id.* at 378.

4       When an injunction is issued, the applicant is required to give security "in such sum as the

5   court deems proper, for the payment of costs and damages as may be incurred or suffered by any

6   party who is found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c) (2004).

7       **B.    Preliminary Injunction Elements**

8       Plaintiff alleges that a preliminary injunction should be issued as the Commission violated

9   her rights by limiting her time to present her defense at the Commission's hearing.  (#33 at 3).

10  Plaintiff requests that the injunction stay the Commission's decision to remove her from the bench

11  as well as stay her suspension from the bench.

12      Plaintiff's Motion for Preliminary Injunction fails for a number of reasons.  She has failed

13  to establish the elements necessary for the issuance of a preliminary injunction.  She is not likely to

14  succeed on the merits of her claim.  The Commission determined to remove her from the bench, and

15  she lost her bid for re-election in the primary election.  The time has passed when a preliminary

16  injunction could prevent her removal from the bench.  The balance of hardship does not tip in her

17  favor because Plaintiff filed an appeal from the Commission's determination to the Nevada Supreme

18  Court and accordingly, she has an adequate remedy at law and will not suffer irreparable harm by

19  the denial of her preliminary injunction motion.

20      **C.    Mootness**

21      Article III of the United States Constitution requires that there be a "live case or controversy

22  at the time a federal court decides a case."  *O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir.

23  1995).  After the Commission's decision, no case or controversy exists as plead in Plaintiff's

24  Complaint.  The suit is moot in that Plaintiff no longer has a personal stake in the outcome of the

25                          Page 3 of 6

1  injunction, and there remains no justiciable live case or controversy between the parties.  *See*

2  *Zegarra-Gomaz v. INS*, 314 F.3d 1124, 1126 (9th Cir. 2003).

3  Accordingly, Plaintiff's Motion for Preliminary Injunction (#3) is *denied*.

4  **II.    Dismissal Under Rule 12: Failure to State a Claim upon Which Relief Can Be Granted**

5  **A.    Legal Standard**

6  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the

7  plaintiff "fail[s] to state a claim upon which relief can be granted."  Dismissal for failure to state a

8  claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of

9  facts in support of the claim that would entitle the plaintiff to relief.  *Williamson v. Gen. Dynamics*

10  *Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).   The review is limited to the complaint, and all

11  allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff.

12  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).  Although courts assume the factual

13  allegations to be true, courts should not "assume the truth of legal conclusions merely because they

14  are cast in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

15  1981).

16  On a motion to dismiss, the court "presumes that general allegations embrace those specific

17  facts that are necessary to support the claim."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889

18  (1990).  However, conclusory allegations and unwarranted inferences are insufficient to defeat a

19  motion to dismiss under Rule 12(b)(6).  *In re Stac Elecs.*, 89 F.3d at 1403.   If either party submits

20  materials outside of the pleadings in support or in opposition to the motion to dismiss, and the

21  district court relies on these materials, the motion may be treated as one for summary judgment.

22  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

23  Plaintiff failed to file opposition to this Countermotion, constituting a consent to the granting

24  of it under Local Rule 7-2(d).

25  Page 4 of  6

1    **B.    Prosecutorial Immunity for Defendant Holmes**

2    Special prosecutors are immune from suits relating to their office.  *See Butz v. Economou*,

3    438 U.S. 478 (1978).  As a non-judicial participant in judicial proceedings, the Special Prosecutor

4    is protected by quasi-judicial immunity.  *State of Nevada v. Second Judicial Dist. Court ex rel.*

5    *County of Washoe*, 118 Nev. 609, 616 (2002).  In evaluation of the factors for the application of

6    quasi-judicial immunity, Dorothy Holmes qualifies because she (1) has performed her duties in a

7    comparable fashion to other special prosecutors; (2) personal liability in this matter would interfere

8    with her performance of her duties; and (3) procedural safeguards exist to protect Plaintiff from

9    unconstitutional conduct by Defendant Holmes.  *See id.* at 424–25.  Also, as the proceeding has

10   ended, she is no longer acting in her capacity as Special Prosecutor.

11   **C.    Eleventh Amendment Immunity for Defendant Commission**

12   The Eleventh Amendment prohibits lawsuits against a state or its agencies in federal court

13   unless the state consents to waiver of its immunity.  *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978);

14   *Yakama Indian Nation v. State of Wash. Dep't of Resources*, 176 F.3d 1241, 1245 (9th Cir. 1999).

15   Although Plaintiff brings a Section 1983 claim against the state agency of the Commission, the claim

16   does not override the state's Eleventh Amendment immunity.  *See Will v. Mich. Dep't of State*

17   *Police*, 491 U.S. 58, 71 (1989); *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Nevada Revised Statute

18   41.031(3) preserves Nevada's Eleventh Amendment immunity.  The Commission has been

19   recognized as an agency and/or department of the State of Nevada on numerous occasions.  *See, e.g.*,

20   *Salman v. State of Nev. Comm'n on Judicial Discipline*, 104 F. Supp. 2d 1262, 1267 (D. Nev. 2000).

21   The Commission has not consented to waiver of its immunity.  Plaintiff's request for a

22   declaratory judgment against Defendants is improper as it would have much of "the same effect as

23   a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of

24   course prohibited by the Eleventh Amendment."  *Green v. Mansour*, 474 U.S. 64, 73 (1985).  The

25   Page 5 of  6

1   Court finds that the Commission, acting in its capacity as an agency and/or department of the State

2   of Nevada, is immune from Plaintiff's suit.  Accordingly, Defendant's Motion to Dismiss is *granted*.

3   (#41).

4                                          **CONCLUSION**

5           IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is *denied* (#3)

6   and Defendants' Motion to Dismiss is *granted* (#41).

7           DATED: March 26, 2009

8

9                                          _____

10                                         ROBERT C. JONES
                                           UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24   (nk)

25                                      Page 6 of  6